UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN T. JOHNSON, JR., | Civil Action No. 16-4071(FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| THE ATTOREY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner's filing of a Petition for habeas corpus pursuant to 8 U.S.C. § 2254. It appearing that:

1. The Petition was docketed on July 7, 2016. Petitioner lists the date of his Judgment of Conviction ("JOC") for aggravated assault as January 15, 2016, and indicates that he received a three year sentence. (ECF No. 1, Pet. at 2.) Petitioner states in his Petition that he has not appealed from the JOC, has not sought the review of a higher state court, and has not appealed to the highest state court having jurisdiction over the action taken on his petition. (*Id.* at 3-13.) As grounds for habeas relief, Petitioner states in his Petition that that on April 27, 2016, he filed a sentencing motion in the Superior Court of New Jersey in which he raised the "Mitigating Factors (hardships on family)[.]" He indicates that the "Judge denied to hear modification of sentence. Judge decided Aggravating factors outweighed mitigating factors." (*Id.* at 6.) His Petition also states that there were several clerical errors in connection with his conviction. (*Id.* at 8-9.) Finally, he alleges ineffective assistance of counsel based on his attorney's failure to "plea bargain" and his insistence that Plaintiff not go to trial. (*Id.* at 11.)

2. Habeas Rule 4 requires the district judge to review a petition upon filing and to *sua sponte* dismiss it without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Breazeale v. Shultz*, No. 09-2118(NLH), 2009 WL 1438236, at *2 (D.N.J. May 19, 2009) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

3. Prior to reviewing the merits of federal claims in a § 2254 petition, a district court is required to consider the issue of exhaustion. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B). Section 2254(b) provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert*, 134 F.3d at 513; *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question

presented." 28 U.S.C. § 2254(c). "Thus, ... if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." *Lambert*, 134 F.3d at 513-14. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To exhaust a ground, a petitioner in the custody of the State of New Jersey must fairly present it as a federal ground to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court.  *See Toulson*, 987 F.2d at 987-89. "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F. 3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).

   4.   Here, it is clear from the face of the Petition that Plaintiff has not exhausted his claims for relief, as described above, and he has not presented any facts to suggest that the exceptions to exhaustion apply.  For these reasons, the Court will dismiss Plaintiff's Petition without prejudice to his filing of a new petition after he exhausts his state court remedies.   An appropriate Order follows.


                                                          /s/ Freda L. Wolfson
                                                          Freda L. Wolfson, U.S.D.J.


Date: October 17, 2016